**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

January 11, 2018

Michael D'Alessio, Jr., Esq.
80 Main Street Suite 260
West Orange, NJ 07052

Re: U.S. v. Marc Sorrentino
Crim. No. 14-558

Dear Mr. D'Alessio:

This letter sets forth the plea agreement between your client, Marc Sorrentino and the United States Attorney's Office for the District of New Jersey and the United States Department of Justice, Tax Division (collectively "this Office"). This Office's offer to enter into this plea agreement will expire on January 12, 2018 if it is not accepted in writing by that date.

This plea agreement is contingent upon the approval of the Department of Justice, Tax Division.

Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Marc Sorrentino to Count 5 of the Superseding Indictment, Criminal No. 14-558 (SDW), which charges Marc Sorrentino with aiding in the preparation of a false U.S. Individual Income Tax Return ("Form 1040") with the IRS for 2010, in violation of 26 U.S.C. § 7206(2). If Marc Sorrentino enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will dismiss all other charges against

Marc Sorrentino in the current Superseding Indictment (14-cr-558 SDW), and agrees not to bring further charges against Marc Sorrentino for the conduct alleged in the Superseding Indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Marc Sorrentino may be commenced against him, notwithstanding the expiration of the limitations period after Marc Sorrentino signs the agreement.

Sentencing

The violation of 26 U.S.C. § 7206(2) to which Marc Sorrentino agrees to plead guilty carries a statutory maximum prison sentence of 3 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Marc Sorrentino is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Marc Sorrentino ultimately will receive.

Further, in addition to imposing any other penalty on Marc Sorrentino, the sentencing judge: (1) will order Marc Sorrentino to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) will order Marc Sorrentino to pay restitution pursuant to the plea agreement; (3) may order Marc Sorrentino to pay the costs of prosecution; and (4) pursuant to 18 U.S.C. § 3583, may require Marc Sorrentino to serve a term of supervised release of

not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Marc Sorrentino be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Marc Sorrentino may be sentenced to not more than 1 year imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Marc Sorrentino agrees to pay restitution to the Internal Revenue Service ("IRS") in the amount of the tax loss as determined by the Court at sentencing. The restitution amount shall be paid according to a plan established by the Court. The Court will order Marc Sorrentino to pay restitution to the IRS, either directly as part of the sentence or as a condition of supervised release. The IRS will use the restitution order as the basis for a civil assessment. See 26 U.S.C. § 6201(a)(4). Marc Sorrentino does not have the right to challenge the amount of this assessment. See 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Marc Sorrentino's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Marc Sorrentino by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Marc Sorrentino's activities and relevant conduct with respect to this case.

Stipulations

This Office and Marc Sorrentino agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.

This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Marc Sorrentino from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Marc Sorrentino waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable,

excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Department of Justice, Tax Division and the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Marc Sorrentino. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Marc Sorrentino.

This agreement is conditioned upon the following: (a) defendant Michael Sorrentino entering a guilty plea on or before January 19, 2018; and (b) acceptance of that plea by a U.S. District Court Judge at the time of the plea allocution. If Michael Sorrentino does not satisfy the foregoing two conditions, or if Michael Sorrentino subsequently seeks to withdraw his guilty plea, this Office, in its sole discretion, may elect to void Marc Sorrentino's plea agreement and proceed to trial. Marc Sorrentino will not have the right to withdraw his guilty plea in any of those circumstances.

No provision of this agreement shall preclude Marc Sorrentino from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Marc Sorrentino received constitutionally ineffective assistance of counsel.

Within 60 days of the date of sentencing, Marc Sorrentino shall: (1) file accurate business tax returns for MPS Entertainment, LLC, if appropriate, for 2010 through 2012; (2) file accurate amended U.S. Individual Income Tax Returns (Forms 1040) for calendar years 2010, 2011, and 2012 or execute Waivers of Restrictions on Assessments and Collections of Deficiency in Tax and Acceptance of Overassessment (Forms 870); (3) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (4) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (5) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Marc Sorrentino agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Marc Sorrentino. With respect to disclosure of the criminal file to the Internal Revenue Service, Marc Sorrentino waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Marc Sorrentino's tax returns and return information.

No Other Promises

This agreement constitutes the plea agreement between Marc Sorrentino and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in

writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JONATHAN W. ROMANKOW
Assistant United States Attorney

YAEL EPSTEIN
Trial Attorney
U.S. Department of Justice
Tax Division

JEFFREY BENDER
Trial Attorney
U.S. Department of Justice
Tax Division

APPROVED:

MARY E. TOSCANO
Chief, OC/Gangs Unit

APPROVED:

ROSEMARY E. PAGUNI
Chief, Northern Criminal Enforcement Section
Tax Division



[817530]

I have received this letter from my attorney, Michael D'Alessio, Jr., Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I understand this letter fully. I understand that this plea agreement is conditioned on Michael Sorrentino entering a guilty plea as set forth on page 5 above. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

________________________ Date: 1/12/18
Marc Sorrentino

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, restitution, and immigration consequences. I have discussed with my client that this plea agreement is conditioned on Michael Sorrentino entering a guilty plea as set forth on page 5 above. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

________________________ Date: 1/12/18
Michael D. Alessio, Esq.



12095452.1

Plea Agreement With Marc Sorrentino

Schedule A

1. This Office and Marc Sorrentino recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Marc Sorrentino nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Marc Sorrentino within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Marc Sorrentino further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2016 applies in this case.

3. The applicable offense Guidelines are U.S.S.G. § 2T1.4(a)(1) and 2T4.1.

4. The parties agree that the loss attributable to Marc Sorrentino for tax years 2010, 2011, and 2012 should be included as relevant conduct pursuant to U.S.S.G. § 1B1.3. However, the parties do not agree as to the loss amount and both sides reserve the right to argue their respective positions regarding the loss amount at sentencing.

5. The Government's position is that the tax loss attributable to Marc Sorrentino for these three tax years is more than $250,000 but less than $550,000, which results in a Base Offense Level of 18 pursuant to U.S.S.G. § 2T4.1(G). Marc Sorrentino's position is that the tax loss attributable to him for these three tax years is more than $100,000 but less than $250,000, which results in a Base Offense Level of 16 pursuant to U.S.S.G. § 2T4.1(F).

6. The parties do not agree as to the application of Specific Offense Characteristic § 3C1.1 and reserve the right to argue their respective positions at sentencing. This Office's position is that Marc Sorrentino willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation and prosecution of the instant offense of conviction, and the obstructive conduct related to Marc Sorrentino's offense of conviction and any

relevant conduct. See U.S.S.G. § 3C1.1. Marc Sorrentino disagrees.

7. If the Court finds that Adjustment § 3C1.1 applies, this will result in an increase of 2 levels.

8. Therefore, in accordance with the above, (a) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $250,000 but less than $550,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is warranted, the Adjusted Base Offense Level will be 20; (b) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $250,000 but less than $550,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is not warranted, the Adjusted Base Offense Level will be 18; (c) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $100,000 but less than $250,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is warranted, the Adjusted Base Offense Level will be 18; and (d) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $100,000 but less than $250,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is not warranted, the Adjusted Base Offense Level will be 16.

9. As of the date of this letter, Marc Sorrentino has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Marc Sorrentino's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

10. As of the date of this letter, Marc Sorrentino has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the Court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Marc Sorrentino's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Marc Sorrentino enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Marc Sorrentino's acceptance of responsibility has continued through the date of sentencing and Marc Sorrentino therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a),

and (c) Marc Sorrentino's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

11. In accordance with the above, the parties agree that (a) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $250,000 but less than $550,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is warranted, the Total Guideline Offense Level applicable to Marc Sorrentino will be 17; (b) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $250,000 but less than $550,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is not warranted, the Total Guideline Offense Level applicable to Marc Sorrentino will be 15; (c) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $100,000 but less than $250,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is warranted, the Total Guideline Offense Level applicable to Marc Sorrentino will be 15; and (d) if the Court finds that the tax loss attributable to Marc Sorrentino is more than $100,000 but less than $250,000, and that a 2-level increase pursuant to U.S.S.G. § 3C1.1 is not warranted, the Total Guideline Offense Level applicable to Marc Sorrentino will be 13 (collectively, the "agreed Total Guidelines Offense level").

12. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed Total Guidelines Offense level is reasonable.

13. Marc Sorrentino knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed Total Guidelines Offense level of 17. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed Total Guidelines Offense Level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court

employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

14. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.